*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY TAYLOR NUNEZ,

Defendant-Appellant.

FOR PUBLICATION
July 21, 2022
9:00 a.m.

No. 356659
Shiawassee Circuit Court
LC No. 20-005144-AR

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

GLEICHER, C.J.

Anthony Nunez pleaded guilty to an offense for which registration under the Sex Offenders Registration Act (SORA)[1] is mandatory. The sentencing court did not advise Nunez of the registration requirement at the time of sentencing, and the judgment of sentence did not reference SORA. After Nunez served a one-year jail sentence, the prosecutor instructed Nunez by letter that he was required to register. At first, Nunez complied. Later, he unsuccessfully moved to "enforce" the judgment of sentence. The question is whether Nunez was required to register despite the sentencing court's failure to comply with SORA's statutory procedures. We hold that he was not, and reverse and remand for entry of an order removing Nunez from the sex offender registry.

## I. BACKGROUND

In 2017, Nunez pleaded guilty to two counts of attempted fourth-degree criminal sexual conduct using force or coercion, MCL 750.92; MCL 750.520e(1)(b). The district court sentenced him to serve one year in jail. Nunez was not given a SORA registration form after he entered his plea. The judge did not mention SORA registration at the time of sentencing. The judgment of sentence does not reference SORA.

---

[1] MCL 28.721 *et seq.*

-1-

After Nunez's release from jail, a prosecuting attorney sent him this letter:

Dear Mr. Nunez,

A statutory requirement of your conviction of Attempted Criminal Sexual Conduct 4th Degree is that you **must** register pursuant to the Sex Offender Registration Act MCL 28.722 *et seq*. In reviewing the record it would appear that the Court failed to either register you or give you notice that you must do so.

This is not discretionary with the Court but a mandatory statutory requirement. Therefore, you are to consider this as your formal **Notice of your Requirement to Register** according to the terms of the Act.

My understanding of the law is that you must register as a Tier I offender pursuant to 28.722(s)(v)(ix). I have enclosed and marked that portion of the statute for your review.

Upon receipt of this letter, please go immediately to the Michigan State Police Post nearest you and register. You may want to take this letter and the enclosures with you. Your failure to do so will result in a complaint being filed for Failure to comply with The Sex Offender Registration Act which is a felony.

Nunez registered as instructed.

Six months later, Nunez filed a motion "to enforce judgment of sentence" in the district court. He argued that he entered his plea, was sentenced, and served his jail time, all without notice of any SORA requirements, and registered only after receiving the prosecutor's letter. Although his judgment of sentence erroneously omitted the registration requirement, Nunez argued, the time for correcting it had expired. He also maintained that the prosecuting attorney had no authority to coerce him to register.

The prosecutor who authored the letter argued that SORA registration was a conviction-based requirement, and that Nunez's only recourse was to move to set aside the conviction or claim ineffective assistance of counsel.

The district court denied Nunez's motion to enforce the judgment of sentence, but admitted that it had not followed the statutory procedures:

During the sentencing hearing in March of 2017, the question of defendant's placement upon the registry was addressed by neither the assistant prosecutor nor this Court. This Court further did not ensure defendant's registration was forwarded to the Michigan State Police in advance of its imposition of sentence as required under SORA. MCL 28.724(5).

The district court concluded that it lacked the authority to remove Nunez from the registry and would not do so even if vested with that discretion.

Nunez filed an application to appeal in the circuit court. The prosecuting attorney again argued that the registration requirement stems from a conviction rather than a provision in a judgment of sentence, and emphasized that registration is a civil, collateral consequence akin to the possibility of deportation following the felony conviction of a non-citizen, or the loss of gun rights. Rather than grant the application for leave to appeal, the circuit court affirmed the district court. We granted Nunez's application for leave to appeal.

## II. ANALYSIS

Our review of the lower courts' interpretations and applications of the SORA is de novo, without deference to the opinions of the two judges who have considered this case. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

Nunez does not dispute that the crime for which he was convicted by guilty plea is a Tier III "listed" offense under the SORA, requiring SORA registration.[2] An individual "who is convicted of a listed offense after October 1, 1995" is required to register as a sex offender. MCL 28.723(1)(a). A Tier-III sex offender must comply with SORA's registration requirements for life.[3]

SORA establishes a specific procedure that must be followed when an individual is convicted of a listed offense. The statute commands: "Registration of an individual under this act must proceed as provided in this section." MCL 28.724(1). Section 5 describes the registration process:

> Subject to section 3,[4] an individual convicted of a listed offense in this state after October 1, 1995 . . . *shall register before sentencing,* entry of the order of disposition, or assignment to youthful trainee status for that listed offense or that other felony. *The probation agent* or the family division of circuit court *shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6. The court shall not impose sentence,* enter the order of disposition, or assign the individual to youthful trainee status, *until it determines that the individual's registration was forwarded to the department as required under section 6*. [MCL 28.724(5) (emphasis added).]

Section 6, MCL 28.726, provides:

---

[2] At the time of Nunez's sentencing, MCL 28.722(w)(*vi*) identified CSC-IV as a Tier III offense. The statute was amended by 2020 PA 295, effective March 24, 2021, and the relevant language is now found in MCL 28.722(v)(*vi*).

[3] MCL 28.725(1)(h)(12) required lifetime registration at the time of Nunez's sentencing. Following the enactment of 2020 PA 295, this language was moved to MCL 28.723(13).

[4] MCL 28.723 relates to individuals convicted of a listed offense before October 1, 1995.

(1) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or receiving notice under section 5(1) shall provide the individual with a copy of the registration or notification at the time of registration or notice.

(2) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 . . . shall forward the registration or notification to the department in a manner prescribed by the department immediately after registration or notification.  [MCL 28.726.]

The district court violated SORA's procedural mandates in multiple ways.  First, the court neglected to require Nunez to register "before sentencing."  Second, the district court failed to determine whether Nunez's probation agent had given Nunez a registration form.  Had the court inquired, it would have learned that the form was never provided.  Third, the district court sentenced Nunez despite "the clear directive of MCL 28.724(5) that it '*shall not* impose sentence until it determines that the individual's registration was forwarded to the department of state police as required under MCL 28.726.' "  *Lee*, 489 Mich at 297-298 (cleaned up).

In *Lee*, our Supreme Court examined the effect of identical failures to comply with SORA's procedures, including that SORA registration was not included in the judgment of sentence.  The Supreme Court concluded that the sentencing court could not fix the errors by ordering registration 20 months after sentencing.  *Id.* at 297.  See also *People v Comer*, 500 Mich 278, 297; 901 NW2d 553 (2017) (holding that "the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence. Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429").[5]

The prosecution correctly posits that *Lee* is distinguishable from this case in an important respect.  In *Lee*, the defendant was convicted of a crime falling within SORA's "catchall" provision, MCL 28.722(e)(*xi*).[6]  A court applying the "catchall" provision must determine whether the crime of conviction requires registration, articulate its determination on the record, and "include the determination in the judgment of sentence."  MCL 769.1(13).  In contrast, MCL 28.724(5), which designates the procedure applicable to Nunez, does not specify that the SORA registration must be included in the judgment of sentence.  However, MCR 6.427(9) provides that for any offense the court must include in the judgment of sentence "the conditions incident to the

---

[5] Following the Court's decision in *Comer*, the Court amended MCR 6.429(A) to permit trial courts to sua sponte amend an invalid judgment of sentence, but only within six months of its entry.  The amendment in this case was attempted beyond the six-month limitations period.

[6] The catchall provision of SORA now states that a Tier I offense includes "[a]ny other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor."  MCL 28.722(r)(*vii*).

sentence." Therefore, regardless of the conflicting language in SORA's provisions, a court is required to include SORA registration requirements in the judgment of sentence.

The prosecution contends that despite the procedural errors that occurred before Nunez was sentenced, SORA registration is mandatory in his case. The failure to follow the statutory rules is therefore irrelevant, the prosecution reasons. But adopting that view would require us to disregard the very first subsection of MCL 28.724(1): "Registration of an individual under this act must proceed as provided in this section." Why did the Legislature include this mandatory prerequisite to the application of SORA's requirements if the obligation to register springs solely from statutory provisions and is untethered to a court's exercise of discretion or findings of fact? If the duty to register is automatic and independent of the court's actions, why does MCL 28.724(5) mandate registration *before* sentencing and an explanation of the registration process *before* sentencing, and *preclude* sentencing absent a specific court determination that SORA's procedures have been followed?

One possible answer is that it would be unfair to prosecute a convicted defendant for failing to register if the sentencing court neglected to ensure that the defendant had registered initially and was made aware of SORA's requirements. Notice and an opportunity to be heard are critical components of the sentencing process, and the Legislature evidently incorporated these basic due process requirements in SORA. Tracking that reasoning, if a defendant is *not* prosecuted for failing to register, a court's disregard of the rules may be harmless. But the converse should also be true. If a defendant has not been advised of SORA's obligations and the trial court has imposed sentence without determining that the defendant's registration was forwarded to the state police, the defendant need not register and cannot be prosecuted for failing to do so.[7]

Our conclusion that Nunez need not have registered rests on several additional and related legal grounds.

Nunez's purported obligation to register was triggered by a guilty plea to a listed offense. Due process principles require a court to advise a defendant of a consequence of a guilty plea that constitutes "punishment." *People v Cole*, 491 Mich 325, 334; 817 NW2d 497 (2012). And as our Supreme Court recently ruled in *People v Betts*, 507 Mich 527, 562; 968 NW2d 497 (2021), the imposition of SORA's registration requirement and its attendant obligations and restrictions of liberty constitutes punishment.

*Cole* involved a statutory requirement subjecting certain sex offenders to lifetime electronic monitoring. The Supreme Court held that "mandatory lifetime electronic monitoring is a direct consequence" of a guilty plea to an offense compelling it, and therefore "due process requires the trial court to inform the defendant entering the plea that he or she will be subject to mandatory lifetime electronic monitoring." *Cole*, 491 Mich at 337. Without that information, a guilty plea is not understanding and voluntary. The Court further explained:

---

[7] The prosecutor's belated effort to cure the trial court's errors by advising Nunez in writing of his SORA obligations is commendable, but nothing in the SORA endows the prosecutor with the power to order registration.

When a defendant agrees to plead guilty, he or she is making a bargain, giving up trial rights in exchange for some perceived benefit. In order for a defendant to accurately assess the benefits of the bargain being considered, the defendant must be aware of the immediate consequences that will flow directly from his or her decision. Without information about a consequence of a sentence deemed by our Legislature to be punishment, which here entails having to wear a device and be electronically tracked "from the time the individual is released on parole or from prison until the time of the individual's death," MCL 791.285(1)(a), it cannot be said that a defendant was aware of the critical information necessary to assess the bargain being considered. [*Id* at 337-338.]

The Supreme Court remanded in *Cole* to allow the defendant to decide whether he wished to withdraw his guilty plea. *Id*. at 338.

In *Betts*, 507 Mich at 533, the Supreme Court considered whether the retroactive application of SORA, as amended in 2011, violated the state and federal prohibitions against ex post facto laws. The Court first had to decide whether SORA amounted to punishment. *Id*. at 542-543. Although the Legislature intended SORA to serve nonpunitive goals, the Supreme Court explained, other aspects "suggest a punitive intent." *Id*. at 548-549. The Court scrutinized SORA in the light of the factors suggested in *Kennedy v Mendoza-Martinez*, 372 US 144, 168-169; 83 S Ct 554; 9 L Ed 2d 644 (1963), for determining whether the punitive effects of a statute outweigh a legislative intent that the statute be considered civil in nature. The Court held that the 2011 amendments to SORA made it punitive. *Id*. at 548-562. And because the requirements were punitive, the retroactive application of the 2011 amendments to SORA violated the prohibition against ex post facto laws. *Id*. at 562.

Relying on *Betts*, this Court reaffirmed that SORA is a punishment when considering whether its registration requirements amount to unconstitutional cruel and unusual punishment. *People v Lymon*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 327355), p 18. Although the act had been amended in 2021, this Court noted that those provisions "indicative of punitive intent" had not been so altered as to change its overall character. *Id*. at 11. The 2021 SORA eliminated provisions related to student-safety zones, which *Betts* compared to "the traditional punishment of banishment." *Id*. at 12. However, this Court determined, "the 2021 SORA continues to resemble the traditional punishments of shaming and parole." *Id*. Indeed, the 2021 SORA broadened the scope of identifying information that must be provided by the registrant and that may be made available to the public on the SORA website, increasing the "shame" imposed on the offender. *Id*. at 13. And despite "the loosening of the in-person reporting requirements," SORA continues to impose "significant affirmative obligations on registrants by mandating upon pain of imprisonment that they report common life changes within a short period of time." *Id*. at 15.

*Betts* and *Lymon* instruct that SORA is a punishment. Long ago, our Supreme Court declared that "the sentence or judgment when pronounced must embrace the whole measure of the punishment imposed." *People v Felker*, 61 Mich 110, 114; 27 NW 869 (1886). More recently, the Supreme Court reiterated that proposition in *Cole*, 491 Mich at 334: " 'The most obvious "direct consequence" of a conviction is the penalty to be imposed. It is, therefore, well-recognized

that the defendant must be apprised of the sentence that he will be forced to serve as the result of his guilty plea and conviction.' " (Quoting *Blankenship v State*, 858 SW2d 897, 905 (Tenn, 1993).)

Because SORA is a punitive collateral consequence for the conviction of certain crimes, a defendant must be informed of its imposition before entering a guilty plea. For the same reason, the registration requirement must be included in the judgment of sentence. Accordingly, the failure of the trial court to adhere to the statutory notice requirement and to include SORA registration in the judgment of sentence prevents any belated application of SORA to Nunez.

Nunez was not timely informed that based on his guilty plea, he would be required to register as a sex offender and to obey the sex offender registration rules for the rest of his life. It is too late for the judge to amend or correct the judgment of sentence to add a registration requirement, and the prosecution is not empowered to do so by letter. We reject the prosecutor's argument that standing alone, Nunez's conviction of an offense listed in MCL 28.722 triggered his duty to register. MCL 28.724(1) commands that "[r]egistration of an individual under this act must proceed as provided in this section." MCL 28.724(5) requires that the trial court refrain from imposing sentence "until it determines that the individual's registration was forwarded to the department." Nunez had no duty to register absent the district court's compliance with these requirements.

We reverse the circuit court and remand for entry of an order removing Nunez from the sex offender registry. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett